Turney, J.,
delivered the opinion of the Court.
In 1860, in' the Circuit Court of Henry county, complainant recovered a judgment against J. II. Yandyck, Jesse A. Brown and Preston G-. Haynes, for about eight thousand dollars.
After the rendition of the judgment, and on '20th August, 1860, Yandyck, who was principal, conveyed in trust to Elijah Etheridge, several slaves and a tract of land, to indemnify his securities, Haynes and Brown.
Yandyck failed to make payment, the trustee offered the land and slaves for sale, on January 1st, 1861, and John Haynes became the purchaser of both.
On the 12th January, 1861, P.- Q-. Haynes, John Haynes, and J. A. Brown, entered into a written agreement, that the land and negroes “bid off by *619 John Haynes and now. in bis bands, shall be sold, and tbe proceeds applied to the payment of the debt, already described.”
There was no conveyance of the land, nor bill of sale of the slaves, by the trustee to John Haynes; the negroes were delivered, however.
In pursuance of the agreement, (from .which we infer he bought the property at the instance of the sureties, Brown and Haynes,) John Haynes sold the land and negroes to defendant, Mrs. E. M. Yandyck, she agreeing, in consideration therefor, to pay the debt to complainant. She took immediate possession. "
It was stipulated in the agreement, that the title was to remain in Haynes until she discharged the debt, which was now evidenced by a bill of exchange or note of Brown, Preston G-. and John Playnes, of 3d January, 1861.
This bill is filed, asking a sale of the land conveyed in the deed of trust, and that Mrs. Yandyck account for the value of the slaves, ancl for general relief, etc.
Etheridge, the trustee, is dead, and his heirs are before the court.
The Chancellor dismissed the bill. This was error.
, The stipulation in the article of sale, that the title to the slaves should remain in the vendor, until the purchaser should pay the debt due to complainant, was nothing more than a lien retained, a provision for. security; by the sale and delivery, *620 tlie purchaser bad acquired such title and interest in the slaves as could at the instance of the vendor only have been divested by suit in Chancery, having for its object a specific performance of the undertaking to pay the debt; other creditors of the purchasers could have enforced such performance, and have, applied any surplus to the extinguishment of debts due to them.
The possession, use and profits of the property had passed from vendor to purchaser, the vendor was not authorized to exercise any act of ownership or control, his only interest was an equitable one.
The undertaking of Mrs. Yandyck was to pay the debt at maturity, or at once if due when she contracted, which, when done, entitled her to, and would have ipso fado invested her with, the absolute title. That she did not 'perform her part of the contract, and that after keeping and using the negroes for several years, they were emancipated and lost to her, is her fault, for which she alone must suffer. To allow her to relieve herself from liability for these causes, would be to permit her to take advantage of her own wrong.
The purchase of the land by John Haynes, being in parol, was voidable; the trustee, in whom was the legal title, being dead, and some of his heirs minors, the sale cannot be ratified, hence it results, that such • interest as Mrs. Yandyck acquired by her contract of purchase with John Haynes, is defeated by the death of Etheridge.
*621 Tbe agreement between John Haynes and Mrs. Yandyck is not in tbe record; we bave bad to take tbe statement of witnesses as to its contents.
'We entertain no doubt of tbe jurisdiction of tbe court to be exercised at tbe suit of complainant. No other court bas jurisdiction of tbat branch of the suit pertaining to tbe land. Tbe lien retained upon tbe negroes was a ground of equity jurisdiction. Either gave tbe court jurisdiction of tbe whole subject matter.
Tbe obligation to pay tbe debt to tbe bank, was one upon which tbe bank might bave maintained a suit at law; . to bave done so, however, would bave caused multiplicity of suits, which it is tbe peculiar province of courts of Chancery to prevent.
Mrs. Yandyck must account for tbe negroes at tbe prices she agreed to give, with interest; or if no definite amount was agreed upon as to tbe ne-groes, then their reasonable value at tbe time of purchase, with interest — being credited, of course, by such payments as she bas made.
Tbe land will be sold for tbe benefit of complainant, upon such terms as tbe Chancellor may direct.