FANNIE G. LANE v. J. W. DREGER.[1]

May. 19, 1905.

Nos. 14,336—(119).

**Conditional Sale—Title in Vendor.**

> Upon a conditional sale of a piano the vendee was in default for breach of conditions providing that the title should remain in the vendor, and a new agreement substituted with the husband of such vendee, who acted as the agent of his wife, whereupon the first agreement with the wife was returned, canceled. She retained the same with the knowledge that her husband had arranged for deferred payments by the substituted arrangement. *Held* that, under these circumstances, the cancellation and return of the first contract did not waive the vendor's right to the property, in favor of the wife.

Action in the municipal court of Minneapolis against defendant, as sheriff of Hennepin county, to recover possession of a piano, or $450 the value thereof, in case possession could not be had. Metropolitan

---

[1] Reported in 103 N. W. 710.

Music Company intervened, claiming to be the owner of the piano. The case was tried on the issues raised by the complaint of intervention before Holt, J., and a jury, which rendered a verdict in favor of plaintiff. From an order denying a motion for judgment notwithstanding the verdict but granting a new trial, intervenor appealed. Reversed and judgment ordered for intervenor.

*Stevens & Stevens,* for appellant.

*Mead & Robertson,* for respondent.


LOVELY, J.

This action is for the conversion of a piano, tried to a jury, who found for plaintiff. There was a motion for judgment or new trial. The motion for judgment was denied, but a new trial was directed. Intervenor appealed, which brings here the sole question whether the intervening music company was, upon the evidence, entitled to a judgment in its favor.

The short facts are as follows: Frances Lincoln, then unmarried, on December 5, 1899, purchased a piano of the Metropolitan Music Company for $617, to be paid by instalments of $15 per month, for which she gave her note, subject to the condition that the title should remain in the music company, who might retake the property in case default should be made in the payment of any of the instalments. Plaintiff married one C. M. Lane in 1900, at which time she was, and continued thereafter to be, in arrears on her payments. Her husband went to the place of business of the music company on June 20, 1903, where he made arrangements to pay the amount still due, and in evidence thereof signed and executed a note for that amount, $217, which was in terms similar to the previous one given by his wife. Although containing some provisions which were more onerous and drastic than in that of his wife, yet it recognized the title to the property in the music company, and promised to pay from time to time instalments until the balance of the purchase price was fully liquidated. After receiving the note from the husband the music company returned plaintiff's note to her canceled, acting upon the new understanding, that the husband's note and conditions were a renewal or substitution therefor. Two payments were made upon the new contract, when Mr.

Lane also defaulted. The music company brought suit in claim and delivery for the possession of the instrument against him alone. Afterwards his wife commenced this action for conversion of the property against the sheriff. The music company thereupon asked leave to intervene, also to bring in the husband, and for right to dismiss their former action against him. Each of these motions was granted, and upon the issues thus made up the trial proceeded with the results as stated above.

The claim of counsel for plaintiff is that, by the cancellation and · return of the note and conditional agreement of sale to Mrs. Lane, the music company waived any right against her for further payments, and that she thereby became the owner of the property. We are unable to adopt this view. It appears conclusively that Lane made payments to the music company previous to the execution of his note and agreement, and had acted for his wife generally in dealing with the company; that it was understood by the husband and the company that such new note and agreement was but a renewal or substitution of the wife's existing obligation; and that it was in furtherance of this understanding that the wife's note was canceled and returned to her. She kept it for more than three months. Payments were made afterwards by the husband; there being no intention on the part of the company to surrender their title or interest in the property, or reasonable expectation on the part of Mrs. Lane that this had been done.

If plaintiff intended to repudiate the action of her husband in the renewal, she should have done so within a reasonable time; but she retained the benefits of his action, and cannot now assert absolute ownership to the property simply because, as between the husband and the company, the old agreement was by this arrangement substituted by the new one. This would enable her to obtain an unconscionable and inequitable advantage against the intervening defendant, never intended by any of the parties. We are very clear, under proper understanding of the rights of the parties in this transaction, that, whatever may have been the arrangement between the husband and wife, there must be held to have been a substantial recognition of the title of the music company to the property in suit by plaintiff all the time,

and no intention to confer any new vested right upon the plaintiff, except upon the payment of the amount still remaining due, which was an essential condition to plaintiff's maintenance of a suit for its conversion.

It is ordered that judgment be entered in this action in favor of the intervening music company.