McDonald Automobile Co. *v.* Bicknell.*

(*Jackson.* April Term, 1914.)

1. **Sales. Conditional Sales. Collateral Security.**

Where a seller under a conditional sale contract subsequently takes security, personal or collateral, he does not thereby divest himself of his retained title or authority to retake the goods for the buyer's failure to pay the price. (*Post,* *p.* 495.)

Cases cited and approved: Edgewood Distilling Co., v. Shannon, 60 Ark., 133; Thornton v. Findlay, 97 Ark., 432; Bierce v. Hutchins, 205 U. S., 340; Monitor Drill Co. v. Mercer, 163 Fed., 943; Kimball v. Costa, 76 Vt., 289; Pettyplace v. Groton, etc., Co. 103 Mich., 155; Standard Steam Laundry v. Dole, 22 Utah, 311; Bank v. Vandyck, 51 Tenn., 617; Manufacturing Co. v. Buchanan, 118 Tenn., 238; Byrns v. Woodward, 78 Tenn., 444; Murrell v. Watson, 1 Tenn., ch., 342; Fogg v. Rogers, 42 Tenn., 290; Anthony v. Smith, 28 Tenn., 508.

2. **Sales. Conditional Sales. Recovery of Property. Right to Sue.**

Where reservation of title to property conditionally sold was contained in the contract, and not in the notes for the unpaid price, the seller, though having indorser the notes, was still entitled to enforce the condition and recover the property in replevin; he being interested as indorser in securing satisfaction of the notes to the holder out of the proceeds of the sale. (*Post,* *p.* 495.)

Case cited and approved: McPherson v. Acme Lumber Co., 70 Miss., 649.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— F. H. Heiskell, Judge.

*The question of the effect of taking collateral security upon conditional sale is treated in a note in 33 L. R. A. (N. S.), 491.

H. H. BARKER, for plaintiff.

W. P. BIGGS, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

This is an action of replevin involving the right to
the possession of an automobile sold by complainant
company to one McEachern under a sale contract in
which title was retained by the vendor to secure seven
notes of $100 each, representing unpaid balance of
purchase money. These were plain promissory notes,
and contained no reference to the automobile. They
were indorsed by Smith and Collier, then by the payee
company, and discounted in bank by the company.
At maturity all of the notes were not paid, and the bank
granted a renewal in the form of a consolidated note,
of the same character, but with an additional indorser
thereon, Moore.

A few days before indorsing the note last referred
to Moore took from McEachern a power of sale chat-
tel mortgage on the automobile to secure a note of
$200 due from McEachern. On default this mortgage
was foreclosed; defendant Bicknell becoming the pur-
chaser.

It is the contention of Bicknell that the security by
way of retention of title was waived by the taking
of the renewal note without therein retaining title, but
with the addition of a personal surety. Both the chan-
cellor and the court of civil appeals ruled against this

contention, and petition for writ of *certiorari* for review is before us.

There is a line of decisions cited and relied upon by petitioner Bicknell which cases tend to support his insistence.

In the case of *Edgewood Distilling Co.* v. *Shannon*, 60 Ark., 133, 29 S. W., 147, followed by *Thornton* v. *Findlay*, 97 Ark., 432, 134 S. W., 627, 33 L. R. A. (N. S.), 491, it was held that, where a vendor of personal property, sold conditionally, sued to recover its possession, and there was evidence tending to prove that, after the sale, the purchase money was paid partly in cash and by the execution of a new note, the vendee's title became absolute, unless there was an agreement for a reservation of title in the vendor at the time of the execution of the second note, citing 35 Cyc., 675.

It is stated by the writer of the article in Cyc. that:

"As a general rule, if the seller takes a mortgage or other security for the price, such act will be regarded as a waiver of the condition reserving the title and an election to consider the sale as absolute."

Whether or not this was a fair statement of the majority rule at the time it was written, we need not consider. We think it certain that at this date it may not be correctly said that the "taking of other security" operates as such waiver.

While, as indicated, the authorities are not harmonious on the question, the best and decided weight of authority we believe to be to the effect that the subsequent taking of security, personal or collateral, does

not operate to divest such seller of his retained title. Thus in the leading case of *Bierce* v. *Hutchins,* 205 U. S., 340, 27 Sup. Ct., 524, 51 L. Ed., 828, such taking of additional security, contemporaneously with or subsequent to the execution of the contract of conditional sale, was not allowed to work such result, and that case was followed in *Monitor Drill Co.* v. *Mercer,* 163 Fed., 943, 90 C. C. A., 303, 20 L. R. A. (N. S.), 1065, 16 Ann. Cas., 214.

Other cases in accord are *Kimball* v. *Costa,* 76 Vt.. 289, 56 Atl., 1009, 104 Am. St. Rep., 937, 1 Ann. Cas., 610; *Pettyplace* v. *Groton, etc., Co.,* 103 Mich., 155, 61 N. W., 266; *Standard Steam Laundry* v. *Dole,* 22 Utah, 311, 61 Pac., 1103, and cases cited in the annotation of the case of *Monitor Drill Co.* v. *Mercer,* supra.

These are also cases in harmony with the rulings of this court in analogous cases. In this State such retention of title by a vendor is a mere security for the payment of the price, partaking of the nature of a lien (*Bank* v. *Vandyck,* 4 Heisk., 617; *Manufacturing Co.* v. *Buchanan,* 118 Tenn., 238, 251, 99 S. W., 984, 8 L. R. A. [N. S.], 590, 121 Am. St. Rep., 1002, 12 Ann. Cas., 707), and in cases of express vendor's liens the renewal with additional security does not effect a waiver (*Byrns* v. *Woodward,* 10 Lea, 444; *Murrell* v. *Watson,* 1 Tenn. Ch., 342).

The same rule applies in case real estate is involved, and the vendor retains the legal title. *Fogg* v. *Rogers,* 2 Cold., 290; *Anthony* v. *Smith,* 9 Humph., 508.

It is next insisted that the holder of the notes, the bank which discounted them, alone may replevin the automobile; that the vendor company has no interest or *status* to that end. The reservation of title in the company appeared in the contract, not in the notes, and manifestly the company was in a position to regain possession of the machine by the writ of replevin, and was interested as indorser in the holder of the notes being satisfied out of the proceeds of sale, following repossession. *McPherson* v. *Acme Lumber Co.*, 70 Miss., 649, 12 South., 857; 35 Cyc., 702.

Writ of *certiorari* denied.