Tire & Vulcanizing Co. v. Auto Storage Co.

BLACKWOOD TIRE & VULCANIZING COMPANY *v.* AUTO STORAGE COMPANY.

(*Nashville.* December Term, 1915.)

ACCESSION. Doctrine. Effect of. ;

Where the purchaser of an automobile, title to which was retained by the seller, fitted the machine with tire casing, and the seller on nonpayment retook the machine, title to the tire casings passed to the seller, the seller of the casings not having retained title, for such is the rule of "accession," which denotes the right of the owner of corporeal property, real or personal, to any increase thereof from any cause, either actual or artificial.

Cases cited and approved: Southworth v. Isham, 5 N. Y. Super. Ct., 448; Ex parte Ames, Fed. Cas. No. 323; Harding v. Coburn, 53 Mass., 333; Comins v. Newton, 92 Mass., 518; Clark v. Wells, 45 Vt., 4; Planter's Bank v. Vandyck, 51 Tenn., 617; Manufacturing Co. v. Buchanan, 118 Tenn., 238; Ice & Coal Co. v. Alley, 127 Tenn., 173; Automobile Co. v. Bicknell, 129 Tenn., 493.

Case cited and distinguished: Holly v. Brown, 14 Conn., 266.

---

FROM DAVIDSON

---

Error to the Circuit Court of Davidson County—T. J. McMORROUGH, Special Judge.

LEVINE & LEVINE, for plaintiff in error.

M. S. Ross, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The defendant sold an automobile to one Cooper, retaining title. Thereafter Cooper bought from the

plaintiff, and had fitted to the machine certain tire cas-
ings; plaintiffs not retaining title.    After this, the
machine not having been paid for, the defendant retook
possession and sold it in the usual way; the tires fur-
nished by plaintiffs still remaining on the machine.
Cooper made no claim to the tire casings when defen-
dant retook the machine, and made no objection to the
sale.    After the sale, however, at the instance of plain-
tiff, Cooper sold, or purported to sell, these tire casings
to the plaintiff; their value at that time to be credited
against the charge which plaintiff had made against
Cooper when these tire casings were , furnished.
On this alleged title plaintiff brought its suit against
defendant and replevied the tire casings.    The trial
court dismissed the suit, and subsequently on appeal
the court of civil appeals affirmed this judgment.    We
think both courts were correct.

The controversy arises under the law of accession.
As said in Ruling Case Law, vol. 1, p. 117:

"The word 'accession' is used broadly in the lan-
guage of the law to signify the right which an owner
of corporeal property, real or personal, has to any in-
crease thereof from any cause, either natural or artifi-
cial.    In this sense it is broad enough to include addi-
tions to the value of land by buildings, fences, etc.,
erected on it, a gradual deposit of soil by the action of
water, value added to chattels by labor performed, the
increase of animals, or any other mode by which addi-
tions to property are made.    As a term of legal classi-
fication, however, accession is generally employed to

signify the acquisition of title to personal property by its incorporation into or union with other property.

. . .

"The general rule of the common law in regard to title by accession is that, whatever alteration of form has taken place in personal property, the owner is entitled to such property in its state of improvement, unless the identity of the original materials has been destroyed, or unless the thing has been annexed to, and made a part of, some other thing which is the principal, or its nature has been changed from personal to real property, but if the thing itself, by such acquisition, was changed into a different species, it belongs to the new operator, who has only to make satisfaction to the former proprietor for the materials which he has so converted."

The proposition contained in the last clause of the authority quoted seems not, however, to apply in favor of a willful trespasser.

As between mortgagor and mortgagee, the rule is that repairs made by the former, or at his instance, become a part of the property, and go with it, and inure to the benefit of the mortgagee. In *Southworth* v. *Isham,* 5 N. Y. Super. Ct. (3 Sandf.), 448 it appeared that a mortgagor of a vessel removed the old sails, which were worn out, and put on new ones, and then the vessel passed into the possession of the mortgagee. It was held that the new sails passed, as in case of repairs, and that the mortgagor could not maintain trover for the sails. In that case the court quoted with approval the

following passage from the opinion in the case of *Holly* v. *Brown*, 14 Conn., 266:

"If during the term of a mortgage upon a printing establishment, the types and other materials belonging to it are removed, and new ones supplied in their place, if the new types and materials were procured for the purpose of replenishing the establishment mortgaged and of supplying the place of articles belonging to it, which had been lost or destroyed by use, and were attached to and incorporated with it, they would become a part of the establishment, and by right of accession belong to the owners of it. They would form an incident to, and follow the title of, the printing establishment, to which they were attached, which would be the principal thing. As if the borrower of a watch should replace its crystal, or of a musical instrument one of its strings, keys, or pipes, which had been lost, destroyed, or become useless in his service, in which case they would belong to the lender."

In *Ex parte Ames*, Fed. Cas., No. 323 (Low., 561), it was held that, where a mortgage was made in Massachusetts on an unfinished locomotive, the mortgagee could hold, by accession, the additions afterwards made by the mortgagor before his bankruptcy. In *Harding* v. *Coburn*, 53 Mass. (12 Metc.), 333, 36 Am. Dec., 680, it was held that where unfinished articles of manufacture are mortgaged, and the mortgagor afterwards adds labor and material to them the mortagee will hold them as against a creditor of the mortgagor, if they remain substantially the same as when mortgaged.

In *Comins v. Newton,* 92 Mass. (10 Allen), 518, it was held that a rifle having a skeleton stock at the time a mortgage was made on it was not so substantially changed by having a new wooden stock, and a new and different kind of a lock substituted for the original by way of repair, as to terminate the lien of the mortgage.

The case of *Clark* v. *Wells,* 45 Vt., 4, 12 Am. Rep., 187, while apparently out of harmony with the underlying principle of the foregoing cases, is, upon attentive examination, found not to be so. In that case it was held that where one, at the instance of a bailee, put new wheels and axles on a stage wagon, taking the bailee's note for the repairs under an agreement that until payment the repairs furnished should remain the property of the repairer, and, before payment, the owner of the wagon retook it into his possession and sold it to a third person, the repairer might maintain trover against the purchaser for the wheels and axles. While it was said in the opinion that, unlike bolts and thills, the repairs furnished did not become accessions to the principal chattel, yet the court further placed its decision on the ground that the repairer had retained title to the said wheels and axles. The statement of facts in the present case shows that the title to the tire casings was not retained by the Blackwood Tire & Vulcanizing Company. The case just referred to therefore does not impugn the general principle that repairs made by a mortgagor, or at his instance, will inure to the benefit of the mortgagee. We are not to be understood as approving *Clark* v. *Wells,* nor do we

criticize it.   The point as to the retention of title to
repairs placed on an article of personal property does
not arise in the case before us, and therefore we do not
pass on it.

In the case before the court it is to be noted that the
plaintiff in error sold the tire casings outright, to Coop-
er, and he permitted these casings to go with the mach-
ine into the hands of the defendant in error without
objection, and in like manner permitted the sale of the
machine with the tire casings attached, and never at-
tempted to retake these casings until later, and then
in furtherance of the effort of the plaintiff in error to
regain them, and that for this purpose he endeavored
to make sale of them at that time to the plaintiff in
error.   We think it must be laid down as a general
principle that the mortgagor, in making repairs on
property which he has mortgaged, must be held, in
the absence of some distinct evidence to the contrary,
to have intended such repairs as a fixed improvement
to such property, since the amelioration inures not only
to the benefit of the mortgagee, but to his own benefit
as well, in the enhancement of the value of his property,
to the end that it may go further toward relieving him
of the mortgage debt in case sale should be made.

In the case before us, not only was Cooper subject
to the presumption indicated, but his acts in permitting
the machine to go back into the hands of defendant in
error, without objection on the subject of the tire cas-
ings, and to be sold in a like manner, indicate as a fact
that it was his purpose to make a fixed addition to the

property.   The plaintiff in error, acquiring his title from Cooper, must stand in his shoes.

In what has been said we have assumed that a sale of personal property with title retained to secure the purchase price would, in respect of the matter in hand, be governed by the same principles that would control a mortgage, and we so hold.   At last in such sales the title retained is but a form of lien.   *Planters' Bank* v. *Vandyck,* 4 Heisk., 617; *Manufacturing Co. v. Buchanan,* 113 Tenn., 238, 250, 99 S. W., 984, 8 L. R. A (N. S.), 590, 12 Ann. Cas., 707; *Ice & Coal Co. v. Alley,* 127 Tenn., 173, 178, 154 S. W., 536; *Automobile Co. v. Bicknell,* 129 Tenn., 493, 167 S. W., 108.

On the grounds stated, we are of the opinion that the judgment of the court of civil appeals, sustaining that of the trial court dismissing the action of the plaintiff in error, must be affirmed.