BRASFIELD HARDWARE CO. v. TOM BROOKS HARRIS.

Western Section. August 5, 1927.

Petition for Certiorari denied by Supreme Court, January 13, 1928.

1. **Evidence. Witnesses. Party offering a witness to prove one fact is not bound by that witness' recollection on all facts involved.**

In an action in replevin to recover certain furniture where the question involved was whether a title retention note had been given or not, and the original note had been lost and the plaintiff introduced a witness to testify to the destruction of that note, who also testified that he did not think that the original note was a title retention note, held that his statement did not prevent the plaintiff from proving by other witnesses that the original note was a title retention note.

2. **Bills and notes. The taking of a renewal note does not cancel the security given for the original note.**

Where an original note is secured by a lien and is later renewed, the renewal of the note does not operate as a release of the lien unless such is the intention of the party.

3. **Sales. Bills and notes. Renewal of a conditional sales note does not release title to a conditional purchaser.**

Wherein a conditional sale a title retention note is taken and later renewed, the renewal of the note does not release title to the purchaser.

Appeal from Circuit Court, Weakley County; Hon. Robert A. Elkins, Judge.

Affirmed.

L. E. Holliday, of Dresden, for appellant.

W. R. McWhorter, of Dresden, for appellee.

SENTER, J. This is a replevin suit which originated in a Justice of the Peace Court in Weakley County, and from the judgment of the Justice of the Peace an appeal was taken to the circuit court of Weakley county, where the case was tried before the Circuit Judge without the intervention of a jury, resulting in a judgment in favor of plaintiff. From this judgment the defendant has appealed to this court and has assigned errors. It appears from the record that the plaintiff, Brasfield Hardware Company, sold and delivered to one B. D. Bullock the furniture involved in this replevin suit. The furniture in question was sold by plaintiff to Bullock on August 9, 1924, and in February, 1927, Bullock sold the furniture to the defendant, Tom Brooks Harris, who was in possession of the furniture at the time the replevin suit in this case was instituted.

The assignments of error are numerous, and we will not undertake in this opinion to discuss them separately, but will consider the

questions made by the several assignments of error. It is contended by appellant by certain of the assignments of error that title was not retained by the seller at the time of the sale in the furniture which was sold and delivered to Bullock, and that no note or other contract in writing was executed by the purchaser Bullock, in which the title to this property was retained as required by the conditional sales law in this State. It appears that about September, 1926, Bullock executed a renewal note, and that the original note executed by Bullock was surrendered up and delivered to Bullock at the time the renewal note was executed by Bullock. According to the evidence of the witnesses for plaintiff, except Bullock, the usual form of title note, used by plaintiff in making conditional sales of merchandise, was signed by Bullock at the time the bill of furniture in question was sold to Bullock, and that the note so signed by Bullock and in which the title to the property was specifically retained in the seller, was for the sum of $227, and at the same time and date of the execution of the note Bullock paid $100 on the furniture, which amount was credited to the note, leaving a balance of $127. We think by a clear preponderance of the evidence that Bullock did execute the title note which conformed to the conditional sales law at the time he purchased this furniture from plaintiff, and that said note was for the sum of $227, with a credit thereon of $100, leaving a balance due on said note of $127. We also think it is clear from the evidence that Bullock, whose deposition was originally taken by the defendant, but read at the trial of the case by the plaintiff, was mistaken when he stated that he did not execute the title note at the time he purchased the furniture, but some months later did execute a note to plaintiff covering the furniture which until that time had been carried against him as an open account on the books of the plaintiff. On August 23, 1926, Bullock executed a renewal note, renewing the old note, and including and adding therein other items, interest, etc., which made the new note for the sum of $244.57. This note is as follows:

"Dresden, Tennessee,
"August 23, 1926.

"One day after date we promise to pay to the order of Brasfield Hardware Company, Inc., two hundred forty-four and fifty-seven/100 dollars ($244.57) bearing interest from date 8/23/1926. This note is given for a renewal of one note #1390 given 10/9/1924, due one day after date for one Walnut suite of furniture $150, one mattress $20, one set of springs $8.50, one L. table $22.50, two rockers and also one book account.

"The title of which remains in Brasfield Hardware Company until this note and interest are paid in full. The drawers and endorsers severally waive presentation for payment, protest, and

notice of protest, and nonpayment of this note, and in case of suit agree to pay 10% attorneys fees for collecting same. In case this note or any other note for which it is given falls due and is not paid, said Brasfield Hardware Company is authorized to take possession of the article or articles for which this note is given.

" (Signed) B. B. Bullock.

"P. M. Bullock, by B. B. B."

At the trial of the case this note was introduced in evidence for the purpose of proving the retention of title in the furniture sought to be replevied under the replevin writ. Objection was made by de-fendant on the ground that this alleged renewal note, not having been executed by the purchaser of the furniture at the time of the pur-chase of the same, that the original note of which this note purported to be a renewal, constituted the best evidence, and that the original note alleged by plaintiff to have been turned over to Bullock at the time the renewal note was executed would be the best evidence of what the note provided. This objection was sustained by the court. Where-upon, plaintiff read the deposition of B. B. Bullock, wherein it was stated by Bullock that the note was delivered to him and that he had the same among his papers at his home in Memphis where he was then living. This not being sufficient, the court adjourned the hear-ing of the case until the plaintiff could procure the witness Bullock by subponea to appear and testify. Whereupon, Bullock was pro-cured as a witness and examined in open court by plaintiff on the sub-ject of the original note having been delivered to him at the time he executed the renewal note. Bullock stated that he had made diligent search to find the original note, which he said had been turned over to him by plaintiff, and that he had been unable to find said original note, and that the same had become lost or misplaced. Upon this evidence the court, over the objection of defendant, permitted the plaintiff to prove by Brasfield and K. B. Killibrew and Mrs. Eula Chandler, the bookkeeper for plaintiff at the time of the transaction, the contents of the original note. Killibrew and Mrs. Chandler both testified that the original note described the property sold and for the amount of $227, with a credit of $100 thereon, and due one day after date, with interest thereon from date, and further testified that it was on the usual form, and the same form as the renewal note and contained the same provisions with reference to the retention of title, etc. Defendant objected to this evidence on the ground that the only proper way and manner to prove a lost instrument sued on as provided by the statute on the subject, was to supply the same by affidavit, stating the contents of the note, and that such instrument has been unintentionally lost or mislaid and is still the property of the person claiming under it, unpaid and unsatisfied. (Shannon's Code, sec. 5694.)

By the several assignments of error it is contended, first, that B. B. Bullock, having become the witness of plaintiff when plaintiff read his deposition, and also introduced him as its witness, that plaintiff was bound by his statement, and that any evidence offered by plaintiff which contradicted the evidence of Bullock on any material question, would come within the rule that the person introducing the witness, will not be permitted to impeach his own witness, and that Bullock having testified that he did not execute any note at the time he purchased this furniture, and that the note which he subsequently executed did not describe the property sold, nor did it refer to same, nor did it contain a provision retaining title in the seller. While it is true Bullock did so testify, but a reading of his evidence discloses that his memory was not at all clear on the subject, and he did admit that he signed a note payable to plaintiff which covered this furniture, although he stated that the furniture, according to his recollection, was charged to his account by plaintiff at the time he purchased the same, and that it was a few months later that he executed a note to plaintiff covering the furniture and also an open account. He was clearly mistaken about this according to the evidence of Mr. K. B. Killibrew, the manager, and who made the sale of this furniture to Bullock, and who testifies positively that the original note was given by Bullock on the date and at the time the sale of the furniture was made, and that the original note did contain the provision for the retention of title, and that it was on the same form as the renewal note. Mrs. Chandler, who was the bookkeeper for plaintiff, fully corroberated this statement by Mr. Brasfield, and also from entries made on the books of plaintiff by her and by other evidence in the record, we think it clear that Bullock was honestly mistaken when he said he did not sign a title note for this furniture at the time he made the purchase but at a later date did sign the note of which the note signed by him on August 23, 1926, is a renewal. There was no effort to impeach Bullock as a witness. We know of no rule of evidence that would preclude plaintiff from showing that he did make a conditional sale of his property, retaining title in a conditional sale note given by the purchaser at the time the sale was made, even though some one or more of these witnesses may testify that according to their recollection such title note was not taken. We think that the rule of the preponderance of evidence controls. While it is true under the recognized rule of evidence that the plaintiff could not impeach one of his own witnesses in the sense that he could offer evidence that would reflect upon the character of his witness or his veracity, or otherwise seek to discredit his own witness, but this rule does not go to the extent that he is so far bound by the statement of the witness which he introduces that he is not permitted to introduce other witnesses on the same subject in support of his theory or contention with reference to the facts of the transac-

tion. We think there was no error in the action of the court in over-ruling the objection made by the defendant to this evidence on the grounds stated.

It became necessary for plaintiff to introduce the witness Bullock to show that the original note had been lost or misplaced, and could not be found after diligent search, so as to make competent secondary evidence as to its contents. Plaintiff certainly would not thereby be precluded from offering evidence as to the contents of the note in question simply because the witness by whom he had proved the loss of the note did not agree with other witnesses of plaintiff as to the time of its execution.

By other assignments of error it is contended for appellant that the court erred in permitting the introduction of evidence with reference to the renewal note, which renewed the original note, and which contained the same provisions with reference to the retention of title in the property involved.

The taking of a renewal note does not operate to surrender and cancel the security given for the original note. This is a settled principle of law with reference to the effect of taking a renewal note, by which an original note secured by a lien is renewed. "The execution of a note in settlement of a previous indebtedness is not a payment unless such was the intention of the parties . . . As a general rule where a mortgage is given to secure a note and at maturity the note is renewed, such renewal will not discharge the debt nor release the mortgage in the absence of a contrary intention." Cleveland v. Martin, 2 Head., 130; Telford v. Broyles, 2 Shan. Cas., 553. In Hamlin Motor Co. v. Miller & Harle, 150 Tenn., 602, it is said: "As a general rule where a mortgage is given to secure a note, and at maturity the note is renewed, such renewal will not discharge the debt, nor release the mortgage, in the absence of a contrary intention." In the same case it is further stated: "The new notes recite that they are in partial renewal of those mentioned in the chattel mortgage January 15, 1921. It clearly appears that they are a renewal of the debt secured by the chattel mortgage January 15, 1921, and that there was no intention to extinguish the mortgage debt by the substitution of the renewal notes."

While these cases refer to the renewal of lien notes, secured either by a lien retained in the face of the note, or by a chattel mortgage or trust deed, we can see no distinction in principle nor why the same rule would not apply to a conditional sales note in which title to the property conditionally sold is specifically retained.

In the case of Vulcanizing Co. v. Auto Storage Co., 133 Tenn., 521, it is said: "In what has been said we have assumed that a sale of personal property with title retained to secure the purchase price, would, in respect of the matter in hand, be governed by the same principle that would control a mortgage, and we so hold. At last

in such sales the title retained is but a form of lien." To the same effect is Bank v. Vandike, 4 Heisk., 617; Mfg. Co. v. Buchanan, 113 Tenn., 238; Automobile Co. v. Bicknell, 129 Tenn., 493. This has been the holding by the courts of other States on the identical question of the effect of taking a renewal note, renewing a former conditional sales note with title retained in the property sold. Barrington v. Skinner, 117 N. C., 47; Hollenburg Music Co. v. Morris, Tex. Civ. App., 1896; Lane v. Dreger, 95 Minn., 4; 24 R. C. L., 505-506, sec. 799; 35 Cyc., 672 and notes.

We find no error in the judgment of the trial judge, and all assignments of error are overruled.

Appellant and surety on the appeal bond will pay the costs of this appeal. ·

Owen & Heiskell, JJ., concur.