WILLIAMSON BROS. v. DANIEL.—110 S. W. (2d) 1028.

Middle Section.   August 14, 1937.

Petition for Certiorari denied by Supreme Court, December 17, 1937.

Solon Fitzpatrick, of Carthage, for Mrs. Daniel.

E. A. Langford and A. B. McKay, both of Cookeville, for Williamson Bros.

FAW, P. J. Mrs. F. M. Daniel is the plaintiff in error and, according to the usual practice, the case should, on appeal in error, be styled Mrs. F. M. Daniel v. Williamson Bros.; but it is entered on the dockets of this court as Williamson Bros. v. Mrs. F. M. Daniel, as it appeared on the docket of the circuit court, and, to avoid confusion in its identification, we have so styled it in the caption hereof.

This is an action of replevin to obtain possession of a farm wagon, brought before a justice of the peace of Putnam county by Williamson Bros. (a partnership composed of W. C. Williamson, H. S. Williamson, and L. C. Williamson) against Mrs. F. M. Daniel. The justice of the peace adjudged that the wagon "be restored to the plaintiff," and the defendant, Mrs. Daniel, prayed and perfected an appeal to the circuit court of Putnam county, where the case was tried before the judge, without a jury, "upon the replevin warrant, the written plea of the defendant, and upon proof offered before the Court;" whereupon the court found and adjudged that the plaintiff, Williamson Bros., is entitled to the possession of the wagon replevined, and he adjudged that plaintiff recover of defendant Mrs. Daniel the costs of the cause, for which execution was awarded.

A motion for a new trial filed on behalf of Mrs. Daniel was overruled, and she thereupon prayed, obtained, and perfected an appeal in the nature of a writ of error to this court, and has assigned errors here.

For convenience, the parties will be designated herein as plaintiff and defendant, respectively, according to their position on the record in the trial courts.

The defendant's assignments of error in this court are seven in number, but in the brief of her counsel it is said: "There is not any dispute as to the facts in this case. There is only one legal ques-

tion for this Court to decide, that is, can a conditional sales contract be renewed subsequent to the original sale so as to prevent the statute of limitation barring right of action.'' And, in their reply brief, plaintiff's counsel say that defendant's counsel ''is correct'' in his statement that the question above quoted is the only question for this court to decide.

The written plea filed by defendant in the court of the justice of the peace, and upon which she relied in the circuit court, is as follows: ''The defendant for plea says, that she does not illegally detain said wagon from the plaintiff, and that the plaintiff does not have any cause of action to recover said wagon but if plaintiff did have any cause of action the Statute limitation of six and ten years have run against said cause of action, and she therefore pleads the six and ten year Statute of Limitation as set out in section 8600 and 8601 in the Code of Tennessee 1932, and prays that this suit be dismissed with her costs damage.''

The material facts of this case, as disclosed by the record, are substantially as follows:

The defendant is the widow of F. M. Daniel who died intestate in Putnam county on May 27, 1936, and who left no minor children surviving him.

On August 24, 1923, plaintiff Williamson Bros., sold to F. M. Daniel the wagon replevined in this case, at and for the price of $75, and at the time of the sale F. M. Daniel executed to Williamson Bros., a promissory note of that date, due one day after date, for $75, which note contained a recital that it was given ''For one Newton Farm Wagon. We retain right and title of same until paid for in full.''

F. M. Daniel made partial payments on said note, and on August 14, 1929, there was a balance of principal and interest due on same of $24.85, for which sum he (F. M. Daniel) executed a renewal note of that date, due 90 days after its date, to Williamson Bros., and which renewal note contained the following recital, to-wit: ''Balance on Wagon right and title remain in us until paid in full.''

The aforesaid note of August 14, 1929, with interest, was renewed on October 31, 1935, by the execution of a note of that date, due 90 days after its date, to Williamson Bros., for $30.12, which contained these words: ''Balance on Emerson & Buntingham farm wagon & gear brake and title remains in Williamson Brothers until paid for in full.''

The undisputed proof shows that the wagon in controversy may be appropriately described as either a ''Newton farm wagon'' or an ''Emerson & Buntingham farm wagon;'' and the identity of the wagon replevined in this case as the same wagon sold by Williamson Bros., to F. M. Daniel on August 24, 1923, and intended to be described in each of the aforesaid three notes, is unquestioned on

the record. (We think it probable that the word "Buntingham" is a typographical error, and that Brantingham was intended.)

Although the language of the notes of August 24, 1923, and August 14, 1929, taken literally, imports that title to the wagon was retained by the maker of the notes, F. M. Daniel, such construction would be inconsistent with the nature of the transaction, and it is conceded, at least tacitly, that the parties and their counsel have at all times construed said notes as purporting to retain title to the wagon in Williamson Bros. Evidently the case was tried below upon the theory just stated, and it will be adhered to on appeal. Nolen v. Family Loan Co., 19 Tenn. App., 108, 113, 83 S. W. (2d), 559; 4 Corpus Juris Secundum, page 465, section 241.

Moreover, the word "remains," as used in the clause "title remains in Williamson Bros., until paid for in full," in the note of October 31, 1935 (the last of the three notes), evidences an understanding on the part of F. M. Daniel that the title to the wagon had been theretofore retained by Williamson Bros., and also his intention that it should so remain until the balance on his debt for the wagon should be paid in full.

We are not aware of any case, reported or unreported, which presented, on parallel facts, the precise question for decision in the instant case; but we think there are certain established principles that will lead us to a correct conclusion.

The retained title in a conditional sale of personal property is but a form of lien to secure the purchase price. Marion Mfg. Co. v. Buchanan, 118 Tenn., 238, 251, 99 S. W., 984, 8 L. R. A. (N. S.), 590, 12 Ann. Cas. 707; McDonald Automobile Co. v. Bicknell, 129 Tenn., 493, 496, 167 S. W., 108, Ann. Cas., 1916A, 265; Blackwood Tire & Vulcanizing Co. v. Auto Storage Co., 133 Tenn., 515, 521, 182 S. W., 576, L. R. A., 1916E, 254, Ann. Cas., 1917C, 1168; Jones Auto Co. v. Carr & Co., 4 Tenn. App., 443, 447; Brasfield Hardware Co. v. Harris, 5 Tenn. App., 652, 656, 657.

Although a sale of personal property with title retained by the seller to secure the purchase price is not a mortgage (Southern Ice & Coal Co. v. Alley, 127 Tenn., 173, 178, 154 S. W., 536), it is, in important respects, governed by the same principles that control a mortgage. Blackwood Tire & Vulcanizing Co. v. Auto Storage Co., supra, 133 Tenn., 515, at page 521, 182 S. W., 576, L. R. A., 1916E, 254, Ann. Cas., 1917C, 1168.

And the rules of law governing express vendor's liens on real estate are in some instances applicable to conditional sales of personal property. McDonald Automobile Co. v. Bicknell, supra, 129 Tenn., 493, at page 496, 167 S. W., 108, Ann. Cas., 1916A, 265.

Extension of time for payment (55 C. J., page 1229, section 1224) or the taking of a renewal note in lieu of the note evidencing the debt for the purchase price of the goods sold does not amount to

a waiver of the reservation of title, especially where the renewal note contains the same reservation of title. 55 C. J., page 1225, section 1216.

The mere taking of a new note, worded and conditioned like the original, and merely evidencing the same transaction, is no evidence of a waiver and surrender of the retained title. Brasfield Hardware Co. v. Harris, supra, 5 Tenn. App., 652, at page 656; Freed Furniture & Carpet Co. v. Sorensen, 28 Utah, 419, 79 P., 564, 107 Am. St. Rep., 731, 3 Ann. Cas., 634, 639; Hamblen Motor Co. v. Miller & Harle, 150 Tenn., 602, 606, 266 S. W., 99.

"Where the security for a debt is a lien on property, real or personal, the lien is not impaired in consequence of the running of the statute of limitations upon the debt." 2 Wood on Limitations (4th Ed.), section 222, pages 1038, 1039.

It was accordingly held in this state, prior to the Act of 1885, chapter 9 (now Code, section 8590), barring express vendor's liens on land after ten years from the maturity of the debt thereby secured, that, as between the vendor and vendee of land, "no statute of limitations will obtain to bar the vendor's lien for the purchase money." Whitby v. Armour, 4 Lea 683, 684.

And in Martin v. Neblett, 86 Tenn., 383, 388, 7 S. W., 123, 125, it is said: "The presumption of law is that the purchaser of the land upon which the lien is reserved holds under and consistent with the lien until the contrary is shown by him; and the statute of limitations will not run until he disclaims the lien and assumes to hold adversely to it, with the knowledge of the party having the lien."

"In most of the States the statute runs upon the note or debt, which is merely a simple contract, within a shorter period than it does upon the mortgage, which is a specialty; but while the debt itself, because of the statute bar, ceases to be enforceable as a personal claim, yet the lien created by the mortgage, as well as the right to enforce it, still remains, and, if enforced before it is also barred, continues as a valid security for the debt and for the interest accruing thereon even after the debt itself is barred by the statutes, the rule being, that, where the security for a debt is a lien on property, real or personal, the lien is not impaired in consequence of the running of the statute of limitations upon the debt. The debt is not extinguished, but the remedy is taken away by the statute. A mortgage, being a specialty, is barred by the lapse of the period after it becomes due, fixed upon by statute for that class of obligations; and where specialties are not specially provided for, they are left subject to the operation of the common-law presumption of payment arising from the lapse of twenty years without the payment of any part of the principal or interest, after it becomes due." 2 Wood on Limitations (4th Ed.), section 222, pages 1038-1040.

It was accordingly held in Smith v. Goodlett, 92 Tenn., 230, 233,

21 S. W., 106, that a deed of trust, with power of sale, to secure a note which matured September 9, 1880, was not barred in February, 1890, and could be foreclosed for the satisfaction of the original debt, with interest, although no personal judgment could be rendered, or an action maintained, on the note.

Where personal property is deposited as collateral security to a note, and the statute runs upon the note, this does not defeat the creditor's lien on the property held as collateral. The statute simply bars the remedy, but does not extinguish the debt, and the lien may be enforced, although the remedy upon the debt itself is barred. 1 Wood on Limitations (4th Ed.), section 21, pages 97, 98.

Among the Tennessee cases in accord with the rule last above stated, are the following: Hamblen Motor Co. v. Miller & Harle, supra, 150 Tenn., 602, at page 606, 266 S. W., 99; First National Bank v. Yowell, 155 Tenn., 430, 294 S. W., 1101, 52 A. L. R., 1411; Telford v. Broyles, 2 Shan. Cas., 520, 533; Lover, Strouse & Co. v. Bessenger, 9 Baxt., 393, 396; Brasfield Hardware Co. v. Harris, supra, 5 Tenn. App., 652, at page 656.

A new promise is not the substantive cause of action, but the original debt. Woodlie v. Towles, 9 Baxt., 592; Hannah v. Hawkins, 5 Lea 240, 243.

In Lover, Strouse & Co. v. Bessenger, supra, and again in Telford v. Broyles, supra, the court quoted with approval from Parsons on Bills and Notes, as follows:

" 'It may be regarded as established, that if a note be secured by a mortgage, and the mortgagor at its maturity give a new note, which is regarded by him and the mortgagee as a renewal of the old note and even repeat this many times, still the original debt is not paid so as to discharge or affect the mortgage, nor will that be discharged unless by payment in money of the first note with interest, or some other payment which the parties agree upon as satisfying the mortgage.' "

In the case now before us, the existence of a debt of $30.12 with interest, evidenced by the said note of October 31, 1935, is unquestioned; and it is likewise unquestioned that said note represents an unpaid balance of the purchase price of the wagon bought by F. M. Daniel from Williamson Bros., on August 24, 1923, and replevined in this cause.

The taking of a renewal note for the purchase price of personal property conditionally sold, or an unpaid balance of the purchase price, does not operate to devest the vendor of his retained title, but (unless a contrary intention appears) is regarded as a mere extension of the time of payment. Taylor v. Goodrich Tire & Rubber Co., 20 Tenn. App., 352, 98 S. W. (2d), 1094, 1100, and authorities there cited.

If, as held by the authorities hereinbefore cited, a lien on

property as security for a debt is not impaired by the lapse of the statutory period of limitation upon the debt, then, it would seem a fortiori that the lien would not be impaired where, as in the instant case, the right of action on the unpaid balance of the debt has been preserved by new promises in the form of renewals of the note evidencing the debt; and we so hold.

The case of Henson v. Henson, 151 Tenn., 137, 139, 268 S. W. 378, 37 A. L. R., 1131, cited for defendant, is not in point. That was a case where the payee (a holder) of certain notes secured by a vendor's lien on land intentionally had them destroyed, intending to forgive the debt evidenced thereby. This, it was held, extinguished the debt, and ipso facto discharged the lien.

In the instant case, the intention of both the creditor and the debtor to keep the debt alive, not to extinguish it, is obvious and unquestioned.

Moreover, the recitals of the two renewal notes disclose an intention that the title retained in the original note "executed at the time of the sale" (Code, section 7286) should remain as thus retained.

The defendant's assignments of error are overruled, but, in order to avoid a possible misunderstanding of our ruling, it may be well to say that the fourth, fifth, and sixth assignments of error purport to challenge holdings of the learned trial judge not found in the record. It is asserted in these three assignments that the court erred in holding: (a) "That the renewal notes of August 12, 1929, and October 31, 1935, created a new sale so as to comply with the Conditional Sales Law;" (b) "that the lien created by the conditional sale of August 24, 1923, could be renewed so as to prevent the statute of limitation running;" (c) "that the renewal of the original note of August 24, 1923, extinguished the original debt and lien."

So far as disclosed by the record, all that the trial judge held was that the plaintiffs "are entitled to the wagon, the property replevined;" and, in the absence of record evidence to the contrary, we will assume that he based his finding and judgment upon what we have held to be the principles of law applicable to the facts of this case, and not upon the "holdings" which the fourth, fifth, and sixth assignments purport to challenge as erroneous; hence these three assignments are overruled, merely because they point out no error which, so far as appears from the record, was committed by the trial judge. We cannot say that he "erred in holding" as stated in the fourth, fifth, and sixth assignments, in the absence of a showing in the record, either expressly or by necessary inference, that he so held.

The first, second, third, and seventh assignments of error sufficiently raise the questions we have discussed herein, and they are all overruled.

It results that the judgment of the circuit court is affirmed; a judgment will be entered here accordingly. The costs of the cause,.

including the costs of the appeal, will be adjudged against the defendant Mrs. F. M. Daniel.

Crownover and Felts, JJ., concur.